IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT PURDY, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NOTS LOGISTICS, L.L.C. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Scott Purdy (hereinafter "Plaintiff"), and files this lawsuit against Defendant NOTS Logistics, L.L.C. (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of NOTS Logistics, L.L.C.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant NOTS Logistics, L.L.C. maintains a business location in Georgia and the unlawful employment practices described herein occurred in White, Georgia. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant from March 2008 through November 2010 as a shift supervisor.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant NOTS Logistics, L.L.C. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant paid Plaintiff first on an hourly basis, but did not pay time and a half for all hours worked.

13.

Defendant then paid Plaintiff on a salary basis which was intended to compensate Plaintiff for a forty hour workweek.

14.

NOTS Logistics, L.L.C. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

## IV. Facts

15.

Defendant paid Plaintiff a portion of his back overtime wages for the time he was an hourly employee, and did not pay liquidated damages or damages for a three year period.

16.

Defendant has not paid Plaintiff for his back overtime wages for the time he was a salaried employee.

17.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

18.

Plaintiff worked for the Defendant within the past three years.

19.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

22.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 29th day of April, 2011.

                                **BARRETT & FARAHANY, LLP**

                                <u>s/ Amanda A. Farahany</u>
                                Amanda A. Farahany
                                Georgia Bar No. 646135
                                Attorney for Scott Purdy

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile