**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **SCOTT PURDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.** |
| | ) | |
| **v.** | ) | **4:11-CV-00112-HLM-WEJ** |
| | ) | |
| **NOTS LOGISTICS, L.L.C.,** | ) | **JOINT MOTION FOR JUDICIAL** |
| | ) | **APPROVAL OF SETTLEMENT** |
| **Defendant.** | ) | **AGREEMENT** |
| | ) | |

Plaintiff Scott Purdy ("Plaintiff") and Defendant NOTS Logistics, L.L.C. ("Defendant")(collectively the "Parties"), in the above-styled action, by and through undersigned counsel, hereby jointly move the Court for an Order approving the Settlement Agreement and General Release between the Parties to resolve the Plaintiff's lawsuit asserting claims under the Fair Labor Standards Act of 1938, as amended ("FLSA"). As grounds for their motion, Plaintiff and Defendants state as follows:

1.     Plaintiff's Complaint asserts claims under the FLSA for back wages, including unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

2.     Defendant denies that Plaintiff is entitled to any overtime compensation, back wages, liquidated damages, attorneys' fees or costs, or any other damages, legal or equitable in nature.

3.     In an effort to avoid expenses associated with the continued litigation of this action and any appeal or post-verdict motions that may be filed, the Parties have reached a settlement agreement and have memorialized the agreement in a document titled Settlement Agreement and General Release (the "Agreement"), attached hereto for the Court's review and approval as **Exhibit 1**.

4.     Plaintiff claims that during the period relevant to this lawsuit he was not paid overtime wages.  Defendant asserts that Plaintiff was exempt from overtime requirements at all times relevant and that all wages owed him under the FLSA have been paid.  Taking into consideration the respective risks on this issue, as well as the overtime hours Plaintiff claims he worked during the period relevant to this lawsuit, the Parties have entered into the Agreement and collectively assert that it represents a fair and equitable resolution.

5.     Claims under the FLSA can be settled and released by an employee upon court approval in the context of a lawsuit brought by the employee. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

2

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

6.      In determining whether the settlement is fair and reasonable the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs success on the merits; (5) the range of possible recovery; and, (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).[1]

---

[1]      For the first factor, Plaintiff was represented by counsel throughout the course of litigation, and he agrees that the amount to be paid him is fair, and the Parties' agreements as to this action are to his satisfaction. Courts have found no fraud or collusion where both parties were represented by counsel and the amount

7.    A strong presumption exists to find a settlement fair and reasonable. *See Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-Orl-22JGG, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007).

8.    Consideration of the complexity of the case, the anticipated expense and length of future litigation, and the stage of the proceedings and discovery all favor this settlement.  Settlement at this juncture prevents both sides from incurring additional attorneys' fees and costs that would otherwise be incurred in litigating this matter.

9.    The Parties agree that there are significant questions of law and fact in dispute in this case which reduce Plaintiff's probability of success on the merits. In fact, the Parties agree that application of the law to the facts of this case *may* result in a decision that Defendant is not liable to Plaintiff under the FLSA.

10.    Through significant investigation, discovery and negotiations, counsel have reached an informed and reasonable resolution of this matter.

11.    Counsel agree that, if the parties continue to litigate the instant claims, they would be forced to engage in further costly litigation. Counsel further agree that this settlement, is a reasonable means for both parties to minimize future risks

---

to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *4 (M.D. Fla. Dec. 26, 2006).

and litigation costs.  Therefore, based on the opinions of counsel settlement is advisable.

12.    The Parties stipulate to the entry of the Order attached hereto as **Exhibit 2**.  Defendant further stipulates that it will make the payment required pursuant to the Agreement within ten (10) business days of the entry of said Order.

For these reasons, Plaintiff and Defendants jointly request that the Court enter the attached Order, approving the settlement and finding that the Agreement is a fair and reasonable resolution, and dismissing this action with prejudice, with each party to pay their own costs and fees incurred.

Respectfully submitted, this 7th day of March, 2012.

s/Eleanor Mixon Attwood (w/e/p by SGH)
Eleanor Mixon Attwood, Esq.
Georgia Bar No. 514014
eleanor@bf-llp.com
Benjamin F. Barrett, Esq.
Georgia Bar No. 039586
ben@bf-llp.com
**Barrett & Farahany, LLP**
1100 Peachtree Street NE
Suite 500
Atlanta, Georgia 30309
Telephone:  (404) 214-0120
Facsimile:  (404) 214-0125
**Attorneys for Plaintiff Scott Purdy**

5

s/Steven G. Hopkins
Steven G. Hopkins, Esq.
Georgia Bar No. 142427
shopkins@constangy.com
Timothy R. Newton, Esq.
Georgia Bar No. 542200
tnewton@constangy.com
**Constangy, Brooks & Smith, LLP**
230 Peachtree Street, N.W.
Suite 2400
Atlanta, Georgia 30303-1557
Telephone:   (404) 525-8622
Facsimile:    (404) 525-6955
**Attorneys for Defendant NOTS Logistics,
L.L.C.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| **SCOTT PURDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.** |
| | ) | |
| **v.** | ) | **4:11-CV-00112-HLM-WEJ** |
| | ) | |
| **NOTS LOGISTICS, L.L.C.,** | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

I hereby certify that on March 7, 2012, I electronically filed the foregoing *Joint Motion for Judicial Approval of Settlement Agreement* using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record for Plaintiff:

Eleanor Mixon Attwood, Esq.
Benjamin F. Barrett, Esq.
Amanda A. Farahany, Esq.

s/Steven G. Hopkins
Steven G. Hopkins, Esq.
Georgia Bar No. 142427

**Constangy, Brooks & Smith, LLP**
230 Peachtree Street, N.W.
Suite 2400
Atlanta, Georgia 30303-1557
Telephone:   (404) 525-8622
Facsimile:    (404) 525-6955
shopkins@constangy.com

**Attorneys for Defendant**
**NOTS Logistics, L.L.C.**